PER CURIAM.
Appellant has filed a motion seeking an enlargement of time to file a motion for rehearing of our order dismissing the appeal. We treat the motion for enlargement *240 of time as a motion to relinquish jurisdiction, grant the motion, vacate our previous dismissal order and relinquish jurisdiction to the trial court.
As noted in our opinion dismissing the appeal, the record we received from the clerk of the lower tribunal did not contain an order denying appellant’s motion for post-conviction relief. We issued an order directing appellant to show cause why the appeal should not be dismissed because there was no written order. Appellant did not respond to the order and we dismissed his appeal.[1] Appellant, within the time authorized for filing a motion for rehearing, has filed a motion asking for an extension of time to file the motion for rehearing claiming that there is an order denying the motion for post-conviction relief and he needs the additional time to get a certification from the trial court that such an order exists. In support of the motion appellant has attached a “record” he received from the lower court clerk. We have reviewed the record appellant sent us and the record sent us by the clerk. The records are clearly different. It is apparent from these records that appellant had a number of prior cases. It is not clear in what case appellant intended the post-conviction motion to be filed. The motion, which is in both records, has the following numbers handwritten on the face of the motion: 81-28810, 82-334, 82-394, 82-396 and 82-405. We do not know who wrote these numbers on the motion. In the record sent to us by appellant there is an order which denies the motion for case numbers 82-394, 82-396 and 82-405.[2] However, the cover page of that record states the case number is 82-334 and the index page states the case number is 82-396. The record sent to us by the clerk states on both the cover and index page that it is case number 82-334. We cannot determine from these “records” if the trial court entered an order in case number 82-334, despite two “records” which have that case number.
We therefore vacate our order of dismissal and relinquish jurisdiction to the lower tribunal for 15 days for the trial court to determine whether an order has been entered on appellant’s motion for post-conviction relief in case number 82-334, and if so, the date of rendition of the order. If no order has been entered, the trial court should notify this Court of that fact.
JOANOS, C.J., and BOOTH and KAHN, JJ., concur.

. Appellant did write a letter to the clerk of this court which was not responsive to the order.

. The appellant filed a separate notice of appeal of that order. We gave it a separate case number, 91-868, and that case is proceeding.